```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THURMAN BROWN,

                Plaintiff,

     -against-                    MEMORANDUM AND ORDER
                                  08-CV-2164(JS)
GLENN S. GOORD, and
N.Y.S. DEPT. OF CORRECTIONS

                Defendants.
----------------------------------------X
APPEARANCES:

For Plaintiff:    Thurman Brown, Pro Se
                  98-A-2656
                  Oneida Correctional Facility
                  P.O. Box 4580
                  Rome, NY 13442

For Defendants:   No appearances
```

SEYBERT, District Judge:

On March 30, 2007, Thurman Brown ("Petitioner"), proceeding pro se, filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Thurman Brown v. Superintendent, 07-CV-1809 (JS). On May 27, 2008, Petitioner filed the current petition again seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Because Petitioner's earlier filed Petition is still pending, the Court must treat Petitioner's recent filing as a motion to amend the earlier Petition. See Grullon v. Ashcroft, 374 F.3d 137 (2d Cir. N.Y. 2004) ("[W]here an additional § 2241 petition is filed before the disposition of a prior § 2241 petition, the additional petition should be construed as a motion

to amend a pending petition."); Hom Sui Ching v. United States, 298 F.3d 174, 175 (2d Cir. 2002) ("We hold that a habeas petition submitted during the pendency of an initial . . . motion should be construed as a motion to amend the initial motion.");[1] Littlejohn v. Artuz, 271 F.3d 360, 363 (2d Cir. N.Y. 2001) ("[B]efore a motion or petition can be regarded as successive, there must be some prior adjudication on the merits or a dismissal with prejudice"); Veal v. United States, No. 04-CV-5122, 2007 U.S. Dist. LEXIS 80029, at *6 (S.D.N.Y. Oct. 9, 2007) (holding that petitioner's recent petition for a writ of habeas corpus was not a second or successive petition, and rather should be construed as a motion to amend petitioner's original petition); Nedea v. Ohio Adult Parole Auth., No. 04-CV-573, 2005 U.S. Dist. LEXIS 9021, at *1 (S.D. Ohio Mar. 29, 2005) ("Because petitioner's second habeas corpus petition was filed prior to the time that final disposition was entered on his previous habeas corpus petition, this Court will construe his July 1, 2004, § 2254 petition as a motion to amend the petition") (citing to Ching, 298 F.3d at 174).

Accordingly, the Clerk of the Court is directed to consolidate this case with 07-CV-01809, docket this petition as a

---

[1] Although Ching discussed a petition brought pursuant to 28 U.S.C. § 2255, and Grullon dealt with a 2241 petition, the Second Circuit has repeatedly guided that its reasoning in 28 U.S.C. § 2255 cases "applies equally to petitions for writs of habeas corpus filed by state prisoners pursuant to 28 U.S.C. § 2254." Villanueva v. United States, 346 F.3d 55, 60 n.1 (2d Cir. 2003).

motion to amend in 07-CV-01809, and close the instant case in 08-CV-2164.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J

Dated: Central Islip, New York
       June 11, 2008